## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Susan M. Sharko (SS 6192)
DRINKER BIDDLE & REATH LLP
A Pennsylvania Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973)360-1100
Attorneys for Defendants
DePuy Orthopaedics, Inc.
and Johnson & Johnson



MAY 2 3 2005

AT 8:30 _____ CLERK

---

WILLIAM STANLEY PEARCE,

    Plaintiff,

v.

JOHNSON & JOHNSON,
a New Jersey Corporation;
DEPUY ORTHOPAEDICS, INC.
A Johnson & Johnson Company;
JOHN DOE 1 through
JOHN DOE 100 (fictitious),

    Defendants.

---

Civil Action No. 05-CV-1829 (JLL)

**CONSENT DISCOVERY
CONFIDENTIALITY ORDER**

---

THIS MATTER having been opened to the Court with the consent of counsel for

the plaintiffs (Abby Resnick-Parigian, Esq., Wilentz, Goldman & Spitzer, P.C. and Lon

Walters, Esq., The Walters Law Firm), and counsel for the defendants (Susan M. Sharko,

Esq., Drinker Biddle & Reath LLP), and the parties by their counsel having consented,

the Court having reviewed the Affidavit of Todd Smith, submitted on behalf of

defendants further in support of this Order; and there being no opposition; and for good

cause shown;

IT IS on this 23d day of May, 2005

ORDERED AS FOLLOWS:

1.     The following conditions shall regulate the use and disclosure of certain information provided by defendants to plaintiffs in this action, subject to New Jersey Local Rule 5.3 governing "Protective Orders and Public Access Under CM/ECF."

(a).     Defendants may designate as confidential material all or any part of documents produced by them in response to various interrogatories and requests for production of documents filed by plaintiff herein. Defendants agree that the designation of material as confidential shall be made by them only after a bona fide determination that the material is in fact a trade secret or other confidential research, commercial or proprietary information. DePuy will make its best efforts not to designate as confidential any document which has previously been provided without a protective order or used as an exhibit at trial, and agrees that if another court "declassifies" any document subject to this Protective Order, that document will be deemed "declassified" in this litigation.

(b).     The designation of confidential material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the words "Confidential: Protective Order" or words to that effect. The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

(c).     If plaintiff believes that the Pansy standard is not met for any specific document, plaintiff shall notify defendant within twenty (20) days of receipt of the document with specific details. Defendants shall respond within twenty (20) days, either agreeing to "declassify" the document or responding to plaintiff's objection. If the parties cannot resolve the issue, the court shall be notified. The burden of proof shall be in accordance with the Pansy case.

2

(d).    Material or information designated as confidential under this Protective Order shall not be used or disclosed by plaintiff, or her counsel or any person acting on her behalf to any other persons except as provided for hereinafter or for any business or competitive purposes, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein.

(e).    Counsel for plaintiff shall not disclose or permit the disclosure of any material or information designated as confidential under this Protective Order to any other person or entity, except in the following circumstances:

(i)    Disclosure may be made to employees of counsel for plaintiff who have direct functional responsibility for assisting in the preparation and trial of this action or any appeal herein.  Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information be held in confidence.

(ii)    Disclosure may be made to consultants or experts (hereinafter, ("expert")) employed by plaintiff or her counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this Protective Agreement by executing the Confidentiality Agreement annexed hereto as Exhibit "A."  A copy of each executed Confidentiality Agreement shall be furnished to counsel for defendants upon the earlier of (1) the date by which experts are required to be disclosed by applicable court rules and orders or (2) dismissal or other disposition of the case against defendants.   In no event shall any disclosure be made to current

3

employees, officers or directors of any competitors of defendants, defined as any company doing business in the United States which designs, manufactures, or sells total knee prostheses, irrespective of whether they are retained as an expert for plaintiff. Plaintiff reserves the right to seek the court's permission to consult with current employees of competitors of defendants if plaintiff demonstrates substantial need. Plaintiff shall be permitted to consult with former employees of competitors of defendants.

(iii)   Disclosure may be made to plaintiff to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, plaintiff shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this Protective Order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

(f).   Counsel for plaintiff shall keep all material or information designated as confidential which is received under this Protective Order within its exclusive possession and control, except as provided herein, and shall maintain such material and information in their offices or other secure facility. Except as provided above, no person shall have access to the foregoing confidential material or information.

(g).   Any person having access to material or information designated confidential under this Protective Order shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except for copies, extracts, summaries or descriptions furnished by plaintiff's counsel to consultants or experts employed by them in the preparation and trial of this litigation. Said consultants

4

or experts shall not make copies of the confidential material or information furnished to them by plaintiff's or defendants' counsel.

(h).   Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Protective Order.

(i).   If, during trial or in connection with any motion or other proceeding, any party intends to offer into evidence any documents, exhibits, or other materials that reveal or may tend to reveal material or information claimed to be confidential by defendants, counsel for plaintiff shall so inform counsel for defendants within a reasonable time before the date set for the trial, motion or other proceeding. Upon the request of counsel for defendants, the evidence in connection with any pre-trial proceedings shall be submitted in camera and shall be sealed, and any such proceedings involving disclosure of the evidence shall be held in camera.  To the extent any party wishes to introduce any such confidential material into evidence at trial, the issue of the handling of such material at trial shall be raised at the final pre-trial conference to be determined by the Court.

(j).   Upon final termination of this action, whether by judgment, settlement or otherwise, counsel for plaintiff shall return to counsel for defendants all materials and all copies thereof in her possession or subject to her control (including but not limited to materials furnished to consultants and/or experts) that was designated by defendants as confidential material in accordance with this Protective Order.

5

(k).    The Court shall retain jurisdiction over this matter and enter any Orders or rulings the Court deems necessary and appropriate in order to enforce this Protective Agreement.

2.    A copy of this Order shall be served on all counsel within _____ days of the date hereof.

_____
Ronald J. Hedges, U.S. Magistrate Judge


WILENTZ, GOLDMAN & SPITZER, P.C.
Attorneys for Plaintiffs

By: _____
    Abby Resnick-Parigian


THE WALTERS LAW FIRM
Attorneys for Plaintiffs

By: _____
    Lon Walters


DRINKER BIDDLE & REATH LLP
Attorneys for Defendants
DePuy Orthopaedics, Inc.,
  and Johnson & Johnson

By: _____
    Susan M. Sharko


6

EXHIBIT "A"

## ACKNOWLEDGEMENT OF RECEIPT OF ORDER ENTERING PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY

I acknowledge receipt of a copy of the CONSENT DISCOVERY CONFIDENTIALITY ORDER entered in the action presently pending by William Pearce against DePuy Orthopaedics Inc. and Johnson & Johnson, in the United States District Court, The District Of New Jersey, Docket No. 05-CV-1829 (JLL) and understand the terms thereof. I agree that I will be bound by its provisions with respect to any documents provided to me pursuant to the terms of said Order. I agree that if I receive any document or information marked or designated as "CONFIDENTIAL," I will not make any copies thereof, nor will I show, disclose or exhibit said documents or information to any other person, parties, their counsel of record, and other persons involved in this matter who have not signed an Acknowledgment identical to this one. I hereby consent to the personal jurisdiction of the United States District Court, The District Of New Jersey with regard to any matter relating to or arising out of the Order and I acknowledge that I have read the Order and understand its terms. I further acknowledge that I may be subject to penalties for contempt and/or sanctions if I fail to comply with the Order.

This ___ day of _____ , 2005.

_____
Signature

_____
Printed Name

Sworn to and subscribed before me,
this ____ day of _____ , 2005.

_____
Notary Public, State of

7